## 3814.   JORDAN v. THE STATE.

POWELL, J.   The defendant was making a statement to the jury, un-
der section 1036 of the Penal Code (1910). Instead of talking about
the matter in issue and things relating to the case on trial, he went.
into a long and rambling statement concerning a number of wholly
irrelevant matters.   After he had thus been indulged for a great length
of time, and while he was speaking of a matter wholly foreign to the
issue involved in the case on trial, the judge interrupted him and
said to him? "Mr. Jordan, the law allows you great latitude in making
your statement; but I can not permit you to go into matters wholly at
variance with your case, and not connected with the case.   What has
cross-ties, or Mr. Simmons, or Christmas dinners, to do with the case?
I beg of you to confine yourself to matters connected with the issues
involved.   At any rate, I do not think it will do your case any good."
Held, not error.                                 Judgment affirmed.

DECIDED DECEMBER 19, 1911.

Accusation of assault and battery; from city court of Houston
county—Judge Brunson.   October 2, 1911.

Oliver C. Hancock, for plaintiff in error.

R. E. Brown, solicitor, contra.

## 3836.   McGINTY v. THE STATE.

No error appears.

DECIDED DECEMBER 19, 1911.

Accusation of violation of prohibition law; from city court of
Macon—Judge Hodges.   October 7, 1911.

John P. Ross, for plaintiff in error.

Walter J. Grace, solicitor-general, contra.

POWELL, J.   This is a liquor case, with conviction on the count,
charging the keeping on hand of liquors at defendant's place of
business.   While there are a number of assignments of error, all of
them, so far as material, are directly controlled adversely to the
plaintiff in error by the decisions of this court—most of them so
very recent as that it would result in mere idle judicial tautology
for us to enter into an elaboration of the points here presented.

Judgment affirmed.